Dorothea H. JONES et al., Appellants,

v.

CITY OF DALLAS et al., Appellees.

No. 5561.

Court of Civil Appeals of Texas,
Eastland.

Aug. 28, 1980.

Rehearing Denied Sept. 11, 1980.

Michael M. Daniel, Edward B. Cloutman, III, Mullinax, Wells, Baab & Cloutman, Jan A. DeWoody, Dallas Legal Services Foundation, Dallas, for appellants.

Lee Holt, City Atty., Carroll Graham, Jan W. Fletcher, Asst. City Atty., Dallas, for appellees.

PER CURIAM.

This is an appeal from the trial court's interlocutory order refusing to certify a class action under Tex.R.Civ.P. 42. Such an appeal is authorized by the 1979 amendment to Tex.Rev.Civ.Stat.Ann. art. 2250 (Vernon Supp. 1980). The suit seeks a permanent injunction restraining the City of Dallas "from certifying, adopting or enforcing" the 1980 ad valorem tax assessments on residential property. The suit also seeks to restrain the City from "accepting any tax roll or levying taxes thereon until such roll be demonstrated to contain property of all kinds assessed at 100% true fair market value." ˳

Twelve taxpayers [1] and Dallas Taxpayers League brought suit for themselves individually and "on behalf of others similarly

---

1. Dorothea H. Jones, H. J. Everett, H. L. Brian, Norman Lee Dismuke, Geraldine Dismuke, William J. Frazier, Nellie Cleora Gist, Margaret H. Hanley, Mrs. R. J. Madziar, Marvin B. McCarley, Frances Ort and Mrs. D. E. Richmond.

situated" against the City of Dallas.[2] Suit was filed on July 11, 1980. The motion to certify a class action under Rule 42, supra, was heard by the trial court on August 11, 1980. The taxpayers did not offer any evidence in support of their motion to certify a class action. The trial court's order denied the motion and stated that "as a matter of law" the taxpayers' prayer for injunctive relief in this case is inappropriate for proceeding as a class action. The taxpayers appeal. We affirm.

The taxpayers present one point of error, arguing that the trial court erred in denying their motion for class certification. The City of Dallas has briefed two reply points, arguing (1) that the substantive burdens of proof in a suit of this nature cannot be met by class plaintiffs and (2) that certification of a class is within the discretion of the trial court and that it did not abuse its discretion in refusing to certify the class.

During oral argument the taxpayers relied upon *Grayson County Officials v. Dennard*, 574 S.W.2d 179 (Tex.Civ.App.–Eastland 1978, writ ref'd n.r.e.), to show the lower burdens of proof required of, and the additional relief available for, taxpayers who challenge an ad valorem tax plan before the tax rolls are certified as compared with those taxpayers who do not challenge the plan until after certification of the ad valorem tax rolls. As we pointed out in *Grayson County:*

> Where proof of excessiveness or of substantial injury is required as a prerequisite to granting of relief, that proof must be made as to each taxpayer who seeks relief. The injunction cannot stand as to the other taxpayers.

See also *Bynum v. Alto Independent School District*, 521 S.W.2d 656 (Tex.Civ.App.–Tyler 1975, writ ref'd n.r.e.); *Sierra Blanca Independent School District v. Sierra Blanca Corporation*, 514 S.W.2d 782 (Tex.Civ. App.–El Paso 1974, writ ref'd n.r.e.); *Lancaster Independent School District v. Pin-*

*son*, 510 S.W.2d 380 (Tex.Civ.App.–Dallas 1974, writ ref'd n.r.e.).

The Dallas Court of Civil Appeals said in *Lancaster Independent School District v. Pinson*, supra:

> Whether injunctive relief is sought before or after an illegal assessment plan is put into effect, taxpayers must show substantial injury in order to obtain injunctive relief . . . . If the plan is attacked on the ground of inequality of assessment, however, proof of actual market value of plaintiff's property is necessary, since without such proof no discrimination is established.

We adhere to the rule that each taxpayer must establish proof of substantial injury in order to restrain the certification of the tax roll as to his or her own property. The tax rolls can be certified as to all taxpayers who do not timely challenge the ad valorem tax evaluations and carry their burden of proof as to their own individual injury. We agree with the trial judge that the pleadings in this case do not by themselves establish the taxpayers' right to maintain a class action.

Moreover, we hold that even if the trial court's ruling was not correct "as a matter of law", the taxpayers failed to show a clear abuse of discretion. They did not tender any evidence in support of their motion to certify a class action. Concerning an appeal from an issue tried by the court without a jury, our Supreme Court said in *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, at 84 (1939):

> It is also the rule that an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the case, and that regardless of whether the trial court gives the correct legal reason for the judgment he enters, or whether he gives any reason at all.

---

2. Other named defendants are Port E. Stages, Jr., Dorothy Ramsey, A. C. Moser, Jr., individually and as members of the Board of Equalization of City of Dallas; and Max E. Noller, Director of Revenue and Taxation for the City of Dallas, as duly qualified tax assessor–collector of City of Dallas. The Dallas Independent School District was not named as defendant but will be affected because its taxes are assessed by the City of Dallas.

The findings of a trial court in a motion to certify a class action are addressed to the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear abuse of discretion. *Huddleston v. Western National Bank*, 577 S.W.2d 778, at 780 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Since the pleadings indicate that more than 200,000 residential property owners could be included in the asserted class, and since the substantive law requires that each taxpayer must prove substantial individual injury as a prerequisite to securing relief, and since the movants offered no evidence at the hearing, we hold that there is no showing on appeal of a clear abuse of discretion by the trial court in refusing to certify the class action.

Order affirmed.