**MARTIN HEDRICK COMPANY, et al., Appellants,**

v.

**Charles W. GOTCHER, et ux., Appellees.**

**No. 10–82–170–CV.**

Court of Appeals of Texas,
Waco.

March 17, 1983.

Rehearing Denied April 28, 1983.

---

1. This reference is to said Statute as it existed prior to the 1981 amendment, effective September 1, 1981.

**510**

William F. McKinney, Harper, McKinney & Pitts, Fort Worth, for appellants.

John V. Dowdy, Jr., Dauphin Whitehead, Arlington, for appellees.

## OPINION

THOMAS, Justice.

Appellant appeals from an adverse judgment signed August 5, 1982, questioning the legal and factual sufficiency of the evidence through six points of error.

■ Since Appellant had filed a motion for new trial in the trial court, the statement of facts must have been filed with the appellate court on or before Monday, November 15, 1982, which would have been within 100 days after judgment was signed. Rule 386, T.R.C.P. No motion was filed to extend the time of filing under Rule 21c, T.R.C.P. The statement of facts was received and filed with the Court of Appeals on November 16, 1982, having been mailed under postmark of November 15, 1982. If the statement of facts had been postmarked one day or more prior to November 15, 1982, we could have considered same. Rule 5, T.R.C.P. The statement of facts was not timely filed, and we are, therefore, without authority to treat the statement of facts as a proper part of the record for disposing of the appeal upon its merits. *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982); *Briscoe v. Gulf Supply Co. Inc.,* 612 S.W.2d 88 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

■ Under the circumstances, every presumption must be indulged in favor of the trial court's findings and judgment, as Ap-pellant's point of error cannot be reviewed without a statement of facts. *Home Fund, Inc. v. Garland,* 520 S.W.2d 939 (Tex.Civ.App.—Fort Worth 1975, writ refused n.r.e.).

Judgment is affirmed.

## ON MOTION FOR REHEARING

■ On motion for rehearing, Appellants cite *Ector County Independent School Dist. v. Hopkins,* 518 S.W.2d 576 (Tex.Civ.App.—El Paso 1974, no writ) to urge error in our disposition of this appeal. After careful study of the *Hopkins* case and the relevant rules of procedure,[1] we conclude that we must disagree with the portion of the El Paso court's opinion that applies Rule 4 to negate the specific provision of Rule 5 which requires mailed matter relating to an appeal to be deposited in the mail one day or more before the last day for filing same in order to be deemed timely filed.

■ Rule 4 deals with the computation of time periods, such as computing the 100-day time period for filing the statement of facts under Rule 386 where a motion for new trial has been filed in the trial court. In the specific proviso under consideration, Rule 5 provides that mailed matter relating to an appeal shall be deemed timely filed after the day for filing same has passed if the mailed matter is (1) sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped, (2) deposited in the mail one day or more before the last day for filing same, and (3) received by the clerk not more than ten days tardily. We construe these three conditions as being conditions precedent to the timely filing of mailed matter relating to an appeal, which does not require the computation of a time period, and we do not, therefore, view Rule 4 as being available to Appellant to allow the statement of facts to be deposited in the mail on the day the same is due to be filed with the appellate court and thereby comply with the proviso of Rule 5.

---

1. All references to rules of procedure in this opinion are to Vernon's Annotated Texas Rules of Civil Procedure.

In summary, we hold that Rule 4 is not applicable to extend the last day under Rule 5 for depositing the statement of facts in the mail from Sunday, November 14, 1982, to Monday, November 15, 1982, its due date in the court of appeals.

Appellant's motion for rehearing is overruled.