**CHAPPELL HILLS, INC., et al., Appellants,**

v.

**John BOATWRIGHT, et al., Appellees.**

No. A14–85–483–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1985.

Rehearing Denied Dec. 12, 1985.

**688**

James H. Pearson, Eugene Pitman, of DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

William K. Betts, Jr., of Betts & Kruse, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, Chappell Hills, Inc. and Thomas P. Duncan, appeal from an order certifying a suit as a class action. On February 20, 1985, appellees, John Boatwright, A.O. Sander, Mary Brown and Roderick McNeil appeared in person and by their attorney, for a hearing on their motion to certify them as class representatives pursuant to Rule 42 of the Texas Rules of Civil Procedure, and a motion to certify this litigation as a class action. Appellants appeared by their attorney. The court, after hearing and considering the evidence and the argument of counsel, granted the motion for class action certification. We affirm.

This is an appeal from the trial court's interlocutory order granting the certification of a class action under Tex.R.Civ.P. 42. Such an appeal is authorized by the 1979 amendment to Tex.Rev.Civ.Stat.Ann. art. 2250 (Vernon Supp.1980).

This suit was originally instituted by the appellees individually, on March 9, 1984 and is one brought on common law and statutory theories of recovery against defendants for various acts of negligence, breaches of contract and statutory violations. On December 24, 1984, the named plaintiffs (appellees) amended their pleadings and first commenced this suit as an action both on behalf of themselves and also on behalf of all other persons similarly situated. Also on December 24, 1984, appellees filed their Motion for Class Action Certification in the trial court. On February 20, 1985, a hearing was held on this motion. On May 20, 1985, the order certifying this suit as a class action was signed

and this "Class Action Order" is the basis of this appeal.

Appellees are owners of property in the Chappell Hill Subdivision of Washington County, Texas. At various times, appellees purchased their lots from the appellants, Chappell Hill, Inc., and Duncan. Appellant, Duncan, individually and/or on behalf of Chappell Hill, Inc., represented to appellees prior to purchase and on many occasions since that certain facilities would be constructed and maintained on common areas of the subdivision for the use and benefit of property owners in the subdivision. The appellees allege that appellants' representations were not fulfilled.

As a result of appellants' alleged misrepresentations, appellees claim a gross disparity between the value received and the consideration paid for their respective properties. Appellees filed this suit seeking recovery of monetary damages and injunctive relief enjoining appellants from interfering with or in any way prohibiting appellees free access to the use of the common areas of the subdivision.

The appellant's first point of error alleges that the trial court abused its discretion by certifying this case as a class action because there is *no evidence* to support the prerequisite of a class action. Under Rule 42(a) of the Texas Rules of Civil Procedure, a motion to certify an action as a class action can be granted "only if" the potential class meets the following requirements:

(1) The class is so numerous that joinder of all members in impractical;

(2) There are questions of law or fact common to the class;

(3) The claims or defense of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

Appellant's second and fourth points of error also raise the issue of *no evidence.* Appellants allege in the second point of error that the trial court abused its discretion by certifying this case as a class action

because there is no evidence to support the maintenance of a class action. Under Rule 42(b) of the Texas Rules of Civil Procedure, an action can be "maintained" as a class action if: the prerequisites of Rule 42(a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of:

(A) inconsistent or varying adjudications with respect to individual memebers of the class which would establish imcompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

(4) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Appellants allege in their fourth point of error that the trial court abused its discretion in certifying this case as a class action because there was no evidence to support a determination by the court whether to maintain this action as a class action.

Rule 42(c) of the Texas Rules of Civil Procedure governs the procedure for securing a determination of whether an action may be maintained as a class action. The rule requires both a hearing and a determination by the court. The relevant language of Rule 42(c) states:

42(c)(1) As soon as practicable after the communcement of an action brought as a class action, the court shall, after hearing, determine by order whether it is to be so maintained. This determination may be altered, amended or withdrawn at any time before final judgment. The court may order the naming of additional parties in order to insure the adequacy of representation.

The trial court's Class Action *Order* evidences and supports that a class action hearing was held on February 20, 1985 and that appellees were present in person and by counsel, and that appellant's counsel was present.

The Class Action Order further recites that a hearing was held and the judge considered the evidence and heard arguments of counsel. Appellants made no objection to the trial court regarding any alleged absence of evidence, but rather argued the application of the law to the given facts.

■ In addition to failing to preserve error for appeal, appellants have failed to provide a statement of facts pursuant to Texas Rules of Civil Procedure 386 and 413. The burden is upon the appellant to see that a sufficient record is presented on appeal so as to preserve any error upon which he wishes to rely. *Estate of Arrington v. Fields,* 578 S.W.2d 173 (Tex.Civ.App. —Tyler 1979, writ ref'd n.r.e.).

The trial court's order that certified this suit as a class action recites affirmative findings as to each of the four prerequi-

sites to a class action that are required Tex.R.Civ.Proc. 42(a). The Class Action Order issued by the trial court on this matter also shows affirmative findings as to each of the four (4) requirements to maintain a class action listed in part (b) of Rule 42, *supra,* even though the rule only requires one positive finding in this section.

■ Due to appellant's failure to provide a statement of facts, every presumption must be indulged in favor of and in support of the trial court's findings and judgment. *Estate Arrignton v. Fields,* 578 S.W.2d 173 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r. e.). *Martin Hendrick Co. v. Gotcher,* 656 S.W.2d 509 (Tex.Civ.App.—Waco 1983, writ ref'd n.r.e.). Tex.R.Civ.P. 386.

■ As the parties complaining on appeal, appellants have the duty to timely bring forward a record sufficient to disclose error alleged to have been made by the trial court. *Cloer Ford & Calhoun GMC Truck Co.,* 553 S.W.2d 183 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). In the absence of such a statement of facts, the court is not in a position to pass on appellants' contentions expressed in points concerning evidentiary matters. *Ratcliff v. Sherman,* 592 S.W.2d 81 (Tex.Civ.App.—Tyler 1979, no writ). We agree with the trial court's findings and overrule the appellants' first, second and fourth points of error.

■ In their third point of error, appellants allege that the trial court abused its discretion in certifying this case as a class action because no "hearing" was held to support a determination by the court whether to maintain this action as a class action. Tex.R.Civ.P. 42(c). However, the trial court's Class Action Order recites that a *hearing* was held on February 20, 1985. The order further states that the trial court considered the evidence and the arguments of counsel. The findings and determinations of the trial court upon a motion to certify a class action are addressed to the sound discretion of the trial judge and should not be disturbed on appeal unless there exists a clear abuse of discretion.

*Jones v. City of Dallas,* 604 S.W.2d 543 (Tex.Civ.App.—Eastland 1980, writ dism'd); *Townplace Homeowner's Association, Inc. et al. v. McMahon,* 594 S.W.2d 172 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). We find that the trial court did not abuse its discretion by certifying this suit as a class action based upon the record before us.

■ One final point that appellants bring forth concerns the timing of the hearing. Rule 42(c)(1), *supra,* requires that the hearing be held ... as soon as practicable after the commencement of an action brought as a class action....

This suit was filed on March 9, 1984. The motion to certify was considered at the hearing held on February 20, 1985. Appellants claim that this hearing was not timely. We disagree in light of the circumstances of this case.

On March 9, 1984, plaintiffs' original petition was filed by *Boatwright,* et al individually against appellants, and did not purport to "commence an action brought as a class action" within the terms of Tex.R. Civ.P. 42(c)(1).

On December 24, 1984, appellees filed their First Amended Original Petition wherein they commenced this suit as a class action. Appellees' Motion for Class Action Certification was filed on the same date. The "hearing" was originally set for January 10, 1985 and then reset and heard on February 20, 1985. This re-setting was necessitated by the recent entry of appellants' new counsel into this case. We find that the hearing was held in a timely manner pursuant to Tex.R.Civ.P. 42(c).

Accordingly, the order of the trial court is affirmed.