**K.C. WALKUP, Appellant,**

v.

**James G. THOMPSON, Appellee.**

**No. 13–85–569–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 6, 1986.

Rehearing Denied March 5, 1986.

Thomas W. McQuage, Barlow, Todd, Crews & Jordan, Galveston, Thomas P. Hewitt, League City, Richard Smith, Henrichson, Smith & Almanez, Edinburg, for appellant.

Stephen W. Lemmon, Mark Browning, Sheinfield, Maley & Kay, Houston, Charles Murray, Atlas & Hall, McAllen, for appellee.

OPINION

PER CURIAM.

Judgment in the above cause was signed on September 17, 1985. A timely motion for new trial was filed by appellant, K.C. WALKUP, on October 14, 1985, and was overruled in a written order, by the trial court on November 4, 1985. Pursuant to TEX.R.CIV.P. 356(a), a bond for costs on appeal shall be filed with the clerk within ninety days after the judgment is signed if a timely motion for new trial has been filed. The cost bond in this cause was due to be filed on December 16, 1985, but was not filed until December 17, 1985.

Pursuant to TEX.R.CIV.P. 388, notice of the defect in the record was given to the attorneys of record to the end that steps could be taken to amend the record to show the jurisdiction of this Court. Appellant responded that, pursuant to TEX.R.CIV.P. 4 and 5, the filing deadline of Rule 356 had been satisfied by mailing the cost bond to the District Court on Monday, December 16, 1985. Appellant stated:

> Under Rule 5 of the Texas Rules of Civil Procedure, the Appellant was entitled to complete the timely filing of the Cost Bond on Appeal by mailing it to the District Clerk on the day before the Bond was due. The calendar day immediately preceding the due date for the Cost Bond was Sunday, December 15, 1985. Because that day was a Sunday, Rule 4 of the Rules of Civil Procedure authorized the Appellant the file the Cost Bond by mail on Monday, December 16, 1985.

Appellee has now filed a motion to dismiss appeal. We agree with appellee that this appeal should be dismissed because Rule 4 is not applicable to extend the last day under Rule 5 for depositing the cost bond in the mail from Sunday, December 15, 1985, to Monday, December 16, 1985, its due date in the District Court. *Martin Hedrick Co. v. Gotcher*, 656 S.W.2d 509 (Tex.App.—Waco 1983, writ ref'd n.r.e.); *But see Ector County Independent School District v. Hopkins*, 518 S.W.2d 576 (Tex. Civ.App.—El Paso 1974, no writ). The Court, having considered the motion and the record on file, is of the opinion that

appellee's motion to dismiss appeal should be dismissed and the case should be dismissed for want of jurisdiction. The appeal is hereby dismissed for want of jurisdiction.