**FELLOWSHIP MISSIONARY BAPTIST CHURCH OF DALLAS, INC., et al., Appellants,**

v.

**Myrtle SIGEL, Appellee.**

No. 05–87–01034–CV.

Court of Appeals of Texas, Dallas.

March 21, 1988.

Eric V. Moye, Dallas, for appellants.

Berman, Mitchell, Yeager & Gerber, Harold Berman, David J. Maldonado, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and KINKEADE, JJ.

BAKER, Justice.

On the Court's own motion, we questioned whether we had jurisdiction over this appeal and requested the parties to brief the issue. We have considered the parties' arguments, and conclude that we do not have jurisdiction. Accordingly, we dismiss this appeal.

The trial court entered final judgment on July 20, 1987. Appellants Fellowship Missionary Baptist Church of Dallas, Inc., and its pastor, Reverend Sammie Davis (collectively the "Church"), filed an affidavit of inability to pay costs on August 13. The Church served the affidavit by depositing it in the United States mail on August 17. Appellee Myrtle Sigel filed a contest to the affidavit on August 24, and the trial court conducted a hearing on the contest. The trial court sustained the contest, but failed to enter a timely written order.

Accordingly, the allegations in the affidavit were deemed true by operation of law on September 3. TEX.R.APP.P. 40(a)(3)(E); *Alvarez v. Penfold,* 699 S.W.2d 619, 620 (Tex.App.—Dallas 1985, orig. proceeding). The question then is whether the Church sufficiently complied with rule 40(a)(3)(B) of the Texas Rules of Appellate Procedure so as to be permitted to prose-

cute this appeal without paying the costs or giving security therefor. That section states:

> The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney and to the court reporter of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

TEX.R.APP.P. 40(a)(3)(B). The Church filed its affidavit on August 13, a Thursday. It served Sigel by mailing the affidavit on August 17, a Monday. The question then becomes whether service of the August 13 affidavit on August 17 was timely. We hold that it was not.

Two days after August 13 was August 15, a Saturday. Therefore, the last day to serve the affidavit personally on the court reporter was August 17. TEX.R.APP.P. 5(a). In order to serve a party by mail, rule 4(b) requires that any document relating to taking an appeal shall be deemed timely filed[1] if it is "deposited in the mail one day or more before the last day" for taking the required action. TEX.R.APP.P. 4(b). However, rule 5(a) provides:

> When the last day of the period is the next day which is neither a Saturday, Sunday nor legal holiday, any paper filed by mail as provided in Rule 4 is mailed on time when it is mailed on the last day of the period.

TEX.R.APP.P. 5(a). The Church deposited its affidavit in the mail on the last day on which it could have served Sigel. If, however, rule 4 required it to deposit the affidavit in the mail on Sunday, August 16, the Church's service was not timely.

■ There is a split of authority on this question. One court has held that rule 5(a), in similar circumstances, permits timely filing if the document is deposited in the mail on the Monday following the last day for filing that happened to fall on the weekend. *Ector County Independent School*

*District v. Hopkins*, 518 S.W.2d 576, 583–584 (Tex.Civ.App.—El Paso 1974, no writ) (on mot. for reh'g). Two other courts, however, have held that the document was required to be deposited in the mail on the Sunday preceeding the Monday, in order to be timely. *Walkup v. Thompson*, 704 S.W.2d 938, *passim* (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (per curiam); *Martin Hedrick Co. v. Gotcher*, 656 S.W.2d 509, 510–11 (Tex.App.—Waco 1983, writ ref'd n.r.e.). The *Gotcher* Court specifically addressed the interaction between rules 4 and 5, and concluded that compliance with rule 4, by depositing a document in the mail one day before the last day of the period for taking action, was a "condition precedent" for triggering the extension provided by rule 5(a). 656 S.W.2d at 510. We agree with the *Gotcher* Court.

Rule 4(b) provides an extension of the deadline for taking required action, if that deadline would otherwise fall on a Saturday, Sunday, or legal holiday; in short, rule 4(b) creates an exception to the normal method of calculating due dates. Rule 5(a) also creates an exception for the timely receipt of a document relating to the taking of an appeal. If rule 5(a) permitted a Monday mail deposit to be timely when (as in this case) the last day to make an otherwise timely mail deposit would have been the preceeding Friday, rule 5(a) would operate to bootstrap an exception upon an exception. Otherwise put, what rule 4(b), operating alone, cannot accomplish—deeming a filing timely if a document is deposited in the mail on the very day that it is due—rule 4(b), operating in conjunction with rule 5(a), should not be able to accomplish.

■ We note further that the policy behind rule 4(b), the "mailbox rule," is not to provide gratuitous extensions, but to accommodate situations in which courthouse employees are given a day off. *See Johnson v. Texas Employers' Insurance Association*, 668 S.W.2d 837, 838 (Tex.App.

---

1. We recognize that TEX.R.APP.P. 4(b) addresses the timeliness only of filing documents, and does not expressly address the timeliness of serving documents. The time to serve documents, however, is "at or before the time of filing." TEX.R.APP.P. 4(e). It necessarily follows that the same considerations in determining whether a document is timely filed apply in determining whether a document is timely served.

—El Paso, 1984), *rev'd on other grounds,* 674 S.W.2d 761 (Tex.1984). As mentioned earlier, the Church, but for rule 5(a), would have had to deposit its affidavit in the mail on Friday, August 14, in order to comply with rule 4(b). That it chose not to mail the affidavit on a business day does not excuse it from failing to mail the affidavit on a weekend day. Nor does it matter that the post office might not postmark a mailing deposited on a Sunday; the postmark is merely *prima facie* evidence of the date of mailing. TEX.R.APP.P. 4(b). In the absence of a postmark obtained on Sunday, the date of mailing can be established (as it indeed was in this case) by affidavit. TEX. R.APP.P. 19(d).

Finally, we note that both the *Walkup* case and the *Gotcher* case had subsequent histories in which the supreme court refused applications for writ of error with the annotation, no reversible error. We acknowledge that the annotation "n.r.e." is dubious when one attempts to extract any authoritative value from it. *See generally* Robertson and Paulsen, *Rethinking the Texas Writ of Error System,* 17 TEX. TECH L.REV. 1, 30–41 (1986). Nevertheless, when a court dismisses a case for want of jurisdiction, its action is predicated on only one ground. Neither the *Walkup* nor the *Gotcher* Courts ever considered the merits of those cases. When the supreme court refused the writ applications with the "n.r.e." notation, the supreme court could not have been indicating that the intermediate courts reached the correct results but not necessarily by the correct rationales when only one rationale—lack of jurisdiction—supported the intermediate courts' actions. Further, the supreme court has corrected an intermediate court's erroneous rationale concerning its jurisdiction when the supreme court chose to do so. *See, e.g., Butts v. Capitol City Nursing Home,* 705 S.W.2d 696, 697 (Tex.1986) (per curiam).

We recognize that the supreme court has recently held that "[i]ndigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal." *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987) (per curiam). None-

theless, *Jones* is distinguishable from the instant case. In *Jones,* the indigent appellant mailed a letter to the court reporter the day after she filed her affidavit. The letter had been drafted before the affidavit was filed, and its wording indicated that the affidavit would be filed in the near future. The supreme court expressly noted that that letter, while "not a model of precision," was mailed within the two-day period mandated by rule 40(a)(3)(B), and that it "appear[ed] to sufficiently fulfill the purpose of the rule." 747 S.W.2d at 370. In the instant case, there is no dispute that the Church failed to mail its notice of its affidavit within the two-day period. There is a difference between substantial compliance with a rule, so as to fulfill its purpose, and failure to comply with a rule. To hold that depositing the notice required by rule 40(a)(3)(B) one day late were sufficient compliance with the rule, we would, in effect, be rewriting the rule; an appellant could be deemed to have complied with its requirements so long as the court reporter got notice of the affidavit with sufficient opportunity to contest it. We decline to do so. The appellant in *Jones* gave timely, if not altogether clear, notice that she had filed her affidavit; in this case, the Church did not give timely notice at all. We do not read *Jones* to be so broad as to exonerate an appellant's burden of complying with the applicable rules of procedure, so long as no harm results.

■ We hold, therefore, that the Church's deadline to serve its affidavit was Monday, August 17, by operation of rule 5(a), but that the Church had to deposit its affidavit in the mail no later than Sunday, August 16, in order to make rule 4(b) applicable. Because the Church did not do so, its service of the affidavit was untimely and did not comply with the requirements of rule 40(a)(3)(B). Accordingly, the Church cannot prosecute this appeal without paying the costs thereof or giving security therefor.

We are left with two appellants who have perfected their appeal by filing an affidavit of inability to pay, but who are not entitled to prosecute their appeal with-

out paying the costs or posting security therefor. We recognize that the Church subsequently made a cash deposit in an attempt to preserve its appeal, but that cash deposit is a nullity. *See Shaffer v. U.S. Companies, Inc.*, 704 S.W.2d 411, 413 (Tex.App.—Dallas 1985, no writ). In any case, the cash deposit was made long after the time to perfect an appeal had expired. TEX.R.APP.P. 41(a)(1). Therefore, we have no alternative but to dismiss this appeal, and so order.