Howe (MD) v. Red Oak State Bk 






AFFIRMED
DECEMBER 20, 1990

NO. 10-90-037-CV
Trial Court
# C-1531
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          ROBERT L. HOWE, M.D.,
                                                                                            Appellant
          v.

          RED OAK STATE BANK,
                                                                                            Appellee

* * * * * * * * * * * * *

 From County Court at Law
Ellis County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This is a receivership case. Plaintiff-Appellee Red Oak State Bank ("Red Oak") obtained
a judgment against Defendant-Appellant Robert L. Howe, M.D. ("Howe") on June 20, 1986, upon 
a promissory note in the total amount of $20,445.23. On September 25, 1986, Red Oak filed a
pleading styled "Motion for Charging Order" wherein was sought the appointment of a receiver
and a charging order pursuant to the provisions of Article 6132b, Vernon's Annotated Texas Civil
Statutes.
          On October 8, 1986, the trial court, after hearing Red Oak's Second Application for
Turnover, entered its order finding that Howe was the owner of interests in LanSoto Partnership
and that such interests were not exempt. The trial court further found that Howe had a contractual
relationship with North Texas Clinic Association to receive vacation pay which pay was also found
to not be exempt. The trial court then enjoined Appellant Howe from selling or transferring his
interest in LanSoto Properties and North Texas Clinic Association and set September 12, 1986,
as the date for hearing on the appointment of a receiver.
          On October 27, 1986, the trial court appointed G. Dennis Sullivan as Receiver on behalf
of Red Oak. Among other things, the trial court authorized the Receiver to sell the interest of
Appellant Howe in the LanSoto Partnership. The Receiver qualified by making the oath and filing
the necessary bond.
          On November 4, 1986, Appellant Howe filed his Motion to Vacate and Modify the orders
signed on October 8, 1986, and October 27, 1986. On December 10, 1986, the Receiver filed his
Response to the Motion to Vacate and Modify. As recited in the Receiver's Report, there existed
an interrelationship between LanSoto Properties, a general partnership, and LanSoto Properties,
a limited partnership, and North Texas Clinic Association. The Report alleged that membership
in LanSoto was conditioned upon financial net worth and only members in good standing of North
Texas Clinic Association, and licensed to practice medicine in the State of Texas, were eligible
for membership as general partners and as limited partners in LanSoto. It was further alleged that
the LanSoto Limited Partnership was formed for the purpose of acquiring and developing real
estate which was to be leased to North Texas Clinic Association. The Receiver's Preliminary
Report further indicated the need for a charging order.
          On December 10, 1986, the Receiver filed a Motion for Charging Order as to Appellant
Howe's interest in LanSoto Properties, whereupon LanSoto Properties appeared before the trial
court and filed a Response to the Motion for Charging Order, and a First Amended Response to
the Receiver's Motion for Charging Order.
          On December 23, 1986, the trial court held a hearing on the Receiver's Motion and entered
its charging order. No objection to the motion or the charging order was made by the Appellant.
          On March 15, 1989, the Receiver filed his Motion for Determination of Evaluation,
bringing to the trial court's attention the dispute between the Appellant Howe, LanSoto
Partnership, and North Texas Clinic Association as to the method of offset and credit and
determination of the value of the Appellant's interest in the various properties and entities.
          On July 25, 1989, the Receiver filed an additional report and requested authority to settle
with LanSoto Properties and North Texas Clinic Association the interest rights of Appellant Howe. 
On August 1, 1989, North Texas Clinic Association made its appearance in court. On this same
day, which was the date set for the hearing, Appellant Howe filed a Motion for Continuance, in
which he (Appellant Howe) judicially admitted that he had agreed and consented to the valuation
settlement figure of $16,000.00 for his claim against North Texas Clinic Association for vacation
pay, but disagreed as to a $4,000.00 valuation figure for his interest in LanSoto. On October 31,
1989, the trial court, after hearing, entered its order Authorizing Settlement.
          Appellant's Motion for New Trial was filed on November 30, 1989, challenging whether
or not Appellant's interest in North Texas Clinic Association was properly before the court, and
further asserting that said property was exempt. In addition, Appellant raised the issue as to
valuation of his interest in LanSoto Properties. The Receiver filed a Response to the Motion for
New Trial on December 13, 1989. The trial court conducted a hearing on December 14, 1989,
and on February 5, 1990, entered its Order Overruling Appellant's Motion for New Trial, from
which Appellant appeals to this court on four points of error.
          We have carefully considered all of Appellant's points and contentions and respectfully
overrule same and affirm the trial court's judgment. At the outset, before we take up and consider
the Appellant's points of error, we need to point out that the Appellant has failed to file a
Statement of Facts. The responsibility of insuring that a Statement of Facts be timely filed with
the appellate court rests solely on the Appellant. Rules 53(a) and 54(a), Texas Rules of Appellate
Procedure.
          Rule 54(a) in its pertinent parts reads as follows:
" . . . Failure to file either the transcript or the statement of facts within
such time shall not affect the jurisdiction of the court, but shall be ground for
dismissing the appeal, affirming the judgment appealed from, disregarding
materials filed, or applying presumptions against the Appellant, either on appeal
or on the court's own motion, as the court shall determine. . . . "
          In this connection the rule enunciated by our Supreme Court in Englander Co., Inc. v.
Kennedy (Tex. 1968) 428 S.W.2d 806 is stated as follows:
"The burden is upon a party appealing from a trial court judgment to show
that the judgment is erroneous in order to obtain a reversal. When the complaint
is that the evidence is factually or legally insufficient to support vital findings of
fact, or that the evidence conclusively refutes vital findings, this burden cannot be
discharged in the absence of a complete or an agreed statement of facts."
Also see Murray v. Devco, Ltd. (Tex. 1987) 731 S.W.2d 555, 557; Huber v. Ryan (Tex. 1981)
627 S.W.2d 145; Thompson v. Republic Acceptance Corp. (Tex. 1965) 388 S.W.2d 404, 405. 
Where no statement of facts is filed, every presumption must be indulged in favor of and in
support of the trial court's findings and judgment. Chappel Hills, Inc. v. Boatwright (Houston
14th CA 1985) 702 S.W.2d 687, 690, no writ; Martin Hendrick Co. v. Gotcher (Waco CA 1983)
656 S.W.2d 509, NRE; Estate of Arrington v. Fields Tyler CA 1979) 578 S.W.2d 173, NRE;
Petitt v. Laware (Houston 1st CA 1986) 715 S.W.2d 688, NRE.
          Bearing in mind the rules enunciated by the above authorities, we now proceed to
Appellant's points of error.   By Appellant's first point of error he asserts the trial court erred in
appointing a receiver for Appellant's interest in the LanSoto Properties partnership based on an
application for turnover. Appellant contends that Howe's interest cannot be reached through an
application for turnover, and that any such order is void. However, Appellant cites no authority
to support such a contention, and we have found none. Appellant further says that Howe's
partnership interest can properly be reached only through a charging order under the provisions
of Article 6132b Section 28, V.A.T.S. We do not agree. Such action (appointment of receiver
for collection of judgments) is authorized by two Texas statutes, to wit, Section 31.002, Texas
Civil Practice and Remedies Code, and Section 64.001, Texas Civil Practice and Remedies Code.
          After the trial court entered judgment against the Appellant on June 20, 1986, Red Oak
filed a series of motions in an effort to collect the judgment. The trial court held an evidentiary
hearing on September 4, 1986, which resulted in the order dated October 8, 1986. Another factual
hearing was held on September 12, 1986, wherein evidence was heard and findings made which
resulted in the trial court's Order Appointing the Receiver of October 27, 1986. The trial court
made the findings, which are not challenged by the Appellant, that he owned an undivided interest
in LanSoto Properties and was entitled to monies from North Texas Clinic Association. The trial
court's finding that these interests were not exempt has not been challenged by Appellant on
appeal. There is no evidentiary challenge and nothing before this court challenging the factual
basis for the appointment of a receiver. Appellant's first point of error is overruled.
          Appellant's second point of error contends that the trial court erred in pronouncing the
charging order of December 10, 1986. Appellant further argues that only the judgment creditor
may apply to the court for a charging order; therefore, the receiver was not authorized by statute
(Article 6132b Sec. 28, V.A.T.S.) to seek a charging order.
          We have carefully examined the transcript and do not find a charging order dated
December 10, 1986; however, we do find a charging order signed by the trial court dated
December 23, 1986, and we assume that this is the charging order of which the Appellant
complains. This point of error is based on the premise that the receivership is unlawful and the
order appointing the receiver is void. We have already given our reasons for believing that the
receiver was lawfully appointed, as well as the reasons we believe the receiver was authorized to
apply for a charging order. We do not agree with Appellant's contentions, and we accordingly
overrule Appellant's second point of error.
          Appellant's third point of error asserts the trial court erred in pronouncing the "Order
Authorizing Settlement," again based upon the premise that the Receiver's appointment was void. 
Here again, since we have given our reasons for holding the Receiver's appointment valid, we
overrule Appellant's third point of error.
          Finally, Appellant's fourth point of error says the trial court erred in authorizing a
settlement of a claim against North Texas Clinic Association by the Receiver. Appellant's position
is that the assets of Howe in North Texas Clinic Association were not within the purview of the
Receivership. We do not agree.
          Even without a statement of facts, the record clearly shows that all parties involved and
interested in this litigation were aware of and were negotiating and dealing with Appellant Howe's
interests in LanSoto Partnership and North Texas Clinic Association. LanSoto made its
appearance in the trial court in December 1986. North Texas Clinic Association made its
appearance in the trial court on August 1, 1989. In its order of October 8, 1986, the trial court
specifically dealt with Howe's contractual relationship with North Texas Clinic Association and
to the existence and amount of vacation pay. Indeed, Appellant's Motion for Continuance shows
that he was a participant in the action by the Receiver and the trial court, and that he (Appellant)
actually approved the Receiver's proposed settlement with North Texas Clinic Association in the
amount of $16,000.00. Appellant's fourth point of error is overruled.
          Judgment of the trial court is affirmed.
                                                                                 AFFIRMED,
 
                                                                                                                              
                                                                                 JOHN A JAMES, JR.
DO NOT PUBLISH                                                     Justice (Retired)

[Participating: Chief Justice Thomas, Chief Justice McDonald (Retired), and Justice James
(Retired)]