Goodson v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-098-CV





GEORGE GOODSON,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT



NO. CV89-0161-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING



 





PER CURIAM

 Appellant George Goodson seeks to appeal a district
court's judgment in favor of the appellee State of Texas. We will
dismiss the appeal for want of jurisdiction.

 The district court signed its judgment on November 14,
1990. Because appellant Goodson filed a timely motion for new
trial, Tex. R. App. P. Ann. 41(a)(1) (Supp. 1990) required him to
perfect any appeal he wished to make on or before February 12,
1991. On December 28, 1990, Goodson filed an affidavit of
inability to pay appellate costs with the district clerk of Tom
Green County. He filed this affidavit with his motion for the
appointment of counsel on appeal. See Tex. R. App. P. Ann.
41(a)(2) (Supp. 1990).

 Appellee filed a motion to dismiss the appeal for want of
jurisdiction on the basis that appellant did not give notice of the
filing of his affidavit of inability to pay pursuant to Tex. R.
App. P. Ann. 40(a)(3)(B) (Supp. 1990). Rule 40(a)(3)(B) provides,


The appellant or his attorney shall give notice of the
filing of the affidavit to the opposing party or his
attorney and to the court reporter of the court where the
case was tried within two days after the filing;
otherwise, he shall not be entitled to prosecute the
appeal without paying the costs or giving security
therefor.



Having filed his affidavit on December 28, 1990, appellant should
have given notice to appellee or his attorney and the court
reporter no later than December 31, 1990.

 By his motion, appellee asserts that appellant did not
notify the court reporter who tried the case. The motion is
supported by the court reporter's affidavit, in which she states
that she first learned of the filing of appellant's affidavit on
April 22, 1991. The court reporter's affidavit is signed and dated
April 25, 1991.

 The notice provision of Rule 40 is mandatory; the failure
to give notice prevents a party from prosecuting an appeal without
paying or securing costs. Matlock v. Allstate Ins. Co., 729 S.W.2d
960 (Tex. App. 1987, no writ); Bantuelle v. Renfroe, 620 S.W.2d 635
(Tex. Civ. App. 1981, no writ); but see Jones v. Stayman, 747
S.W.2d 369 (Tex. 1987) (letter to court reporter stating intent to
appeal when affidavit filed, date statement of facts due, and date
of hearing on affidavit sufficiently fulfilled purpose of notice
provision). 

 Although appellant perfected his appeal by filing an
affidavit of inability to pay within the ninety days permitted him
by Rule 41(a)(1), he is not entitled to prosecute the appeal
without paying costs or giving security therefor. See Fellowship
Missionary Baptist Church, 749 S.W.2d 186, 189 (Tex. App. 1988, no
writ). We grant appellee's motion to dismiss the appeal for want
of jurisdiction.


 The appeal is dismissed for want of jurisdiction.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed:  June 19, 1991

[Do Not Publish]