Remington Investments v. Connell 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-234-CV

     REMINGTON INVESTMENTS, INC.,
                                                                                              Appellant
     v.

     F.D. CONNELL,
                                                                                              Appellees
 

From the 77th District Court
Freestone County, Texas
Trial Court # 93-370-A
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

       Remington Investments, Inc. attempts to appeal from a take-nothing judgment rendered in
favor of F.D. Connell after a bench trial of Remington's suit on a note. Because Remington's
request for findings of facts and conclusions of law was not timely received by the district clerk
the appellate deadlines were not extended and Remington has failed to timely perfect its appeal. 
Thus, we do not have jurisdiction over this cause.
       The court signed the judgment on August 14, 1996. On September 16, Remington filed a
request for findings of fact and conclusions of law. Tex. R. Civ. P. 296. On October 15,
Remington deposited $1,000 in cash with the district clerk as a deposit in lieu of bond. Tex. R.
App. P. 40(a)(1). After we received the transcript, we questioned our jurisdiction, sua sponte, and
notified the parties that Remington's request for findings and conclusions did not appear to have
been timely filed. Tex. R. Civ. P. 296; Tex. R. App. P. 41(a)(1), 56(a). 
In response Remington relies on the "mailbox rule" of Rule 5 of the Rules of Civil Procedure,
claiming that it mailed the request on August 30, well before the last day for filing. 
      Texas Rule of Civil Procedure 5, entitled "Enlargement of Time", provides in relevant part:
If any document is sent to the proper clerk by first-class United States mail in an
envelope or wrapper properly addressed and stamped and is deposited in the mail on or
before the last day for filing same, the same, if received by the clerk not more than ten
days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark
affixed by the United States Postal Service shall be prima facie evidence of the date of
mailing.

Tex. R. Civ. P. 5. Here, the request was due within twenty days of the date the court signed the
judgment, i.e. by September 3. Id. 296. The clerk did not receive the request until September
16, more than ten days after it was due. Because "[t]he clerk . . . must receive the document
within ten days to perfect the filing", we conclude that Remington has failed to satisfy the
"conditions precedent" to the application of the rule, and its requests for findings of fact and
conclusions of law were not timely filed. Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267, 268
(Tex. 1996); Martin Hedrick Co. v. Gotcher, 656 S.W.2d 509, 510 (Tex. App.—Waco 1983, writ
ref'd n.r.e.) (on rehearing). 
      Absent a timely filed motion for a new trial or request for findings of facts and conclusions
of law, Remington was required to perfect its appeal within thirty days of the signing of the
judgment. Tex. R. App. P. 41(a)(1). Thus, it should have filed its cost deposit by Friday,
September 13. Because it did not file its cost deposit by that date or timely request an extension
of time to perfect its appeal we do not have jurisdiction over this cause. Id.; Davies v. Massey,
561 S.W.2d 799, 800-01 (Tex. 1978); Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex.
App.—Houston [1st Dist.] 1992, no writ); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 5 (Tex.
App.—El Paso 1992, writ denied). 
      Therefore, we dismiss this appeal for want of jurisdiction.
 
                                                                                 PER CURIAM
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 13, 1996
Do not publish