Arthur Roy PARSONS, as a Mentally
Ill Person, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00298–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 12, 1984.

Pablo C. Uresti, San Antonio, for appellant.

Nick A. Catoe, Jr., Dist. Atty's. Office, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an accelerated appeal from a probate court order adjudging appellant to be mentally ill and committing him to a mental hospital for a period of ninety days for "observation and/or treatment." We reverse and remand.

We have determined that this court has jurisdiction, contrary to the argument of the State that the pauper's affidavit filed by appellant is defective. The State says both the form of the affidavit and the failure of appellant to notify the State of the filing of the affidavit of indigency create the defect; consequently the appellate court has no jurisdiction of the appeal.

TEX.R.CIV.P. 355 prescribed the requirements to be met when a party is unable to give security for costs of appeal. Rule 355(b) states that notice must be given the opposing party within two days; however, if no notice is given, the time to contest the affidavit begins to run when actual notice is received. Rule 355(c) sets out the procedure for the court to hear the contest. Although it is plain that appellant did not notify the State within two days, it is also plain the State received actual notice with delivery of appellant's brief in this case. The date of the order is June 14, 1984; the date of the certificate of delivery of appellant's brief is August 8, 1984; the date of the State's certificate of service displayed in its brief is August 16, 1984. The State could have requested a hearing in contest to the affidavit within ten days after actual notice.

While this court agrees the affidavit of indigency is not a model one, we hold it is sufficient, viewed in the narrow circumstances of this case, to comply with Rule 355.[1] Substantial, rather than strict, compliance with the rule, under these circumstances, will be required. As an example of liberal interpretation of the rules, see, *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945). Rule 355(e) provides that without a contest to the affidavit, the allegations shall be taken as true; thus, we find them to be true. Since we find the affidavit to be sufficient, this court, therefore, has jurisdiction of the appeal.

We overrule appellant's first point of error that the seventy-two hour requirement of TEX.REV.CIV.STAT.ANN. art. 5547-38 (Vernon Supp.1984) was not met. This statute requires that a "probable cause" hearing be conducted within seven-

---

1. PROPOSED PATIENT'S OATH OF INABILITY TO PAY FEES

THE STATE OF TEXAS
COUNTY OF BEXAR
  BEFORE ME, THE undersigned authority, on this day personally appeared ARTHUR ROY PARSONS, who upon oath stated as follows:

"I am ARTHUR ROY PARSONS, the proposed patient in this proceeding. I desire to appeal my case to the Court of Civil Appeals, but I am unable to pay the cost of preparing a statement of testimony, or any part thereof, or to give security therefor."
[The affidavit is subscribed and sworn to before a notary public.]

ty-two hours after a patient is taken into protective custody, i.e., restrained of his liberty. The record clearly reflects that a hearing was conducted.

Appellant, in his fourth point of error, contends there is no evidence or insufficient evidence to prove that he is a person of unsound mind. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981) and *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965) set out the standards of review. Article 5547–4(8) provides:

"Mental Illness" means an illness, disease, or condition which either:

(A) substantially impairs the person's thought, perception of reality, emotional process, or judgment; or

(B) grossly impairs behavior as manifested by recent disturbed behavior.

\*    \*    \*    \*    \*    :·

The requisites for the hearing to determine whether temporary mental health services are necessary are set out in article 5547–50. The court must find, on the basis of clear and convincing proof, that the person is mentally ill. The court must further find that as a result of the mental illness the person is likely to cause serious harm to himself; or is likely to cause serious harm to others; or will, if not treated, continue to suffer severe and abnormal mental, emotional, or physical distress and will continue to experience deterioration of his ability to function independently, and further, is unable to make a rational and informed decision as to whether or not to submit to treatment.

Appellant suffered a massive cerebral infarction in 1979. The State's theory to show mental illness was proof of a condition which substantially impaired the appellant's thought, emotional process, and judgment. Article 5547–4(8), *ante*. Of the two doctors who testified at the hearing, the first one stated the patient had a "severe vascular insult to his brain which left him with certain cognitive dysfunctions and emotionally labile."

Q (State): Doctor, is he suffering from some illness or disease which would sub-

stantially impair his thought process or emotional process?

A: ... [I]t impairs his emotional processes. I also feel it impairs his judgment in that, given his condition and his degree of physical incapacity and his limited independence and his necessity to depend upon others for the daily activities of living ... He wants to leave the hospital, which I think is unrealistic in view of the fact that there is no viable alternative to hospitalization at this time.

The psychiatrist further stated there was "a distinct possibility" that appellant's condition would deteriorate to the point where he would be unable to function independently. He said the patient mentioned living with friends in Austin but provided no further information. "... and there is no place to go and there is no place [sic] to assist him in bathing, etc., etc., all the activities, daily living, I think it would be criminal to release him."

The doctor stated appellant came to the hospital from a nursing home because of his hostile assaultive behavior. He stated the brain damage had affected him mentally, that he "has an affective state which is characterized by emotional liability where he will blow his top and get angry when it's not called for." He further noted the patient's judgment was poor. His mental abilities affected so that he had perceptual motor difficulties. The doctor testified the patient required a structured environment.

The patient volunteered comments at the hearing, such as, "We're just getting double talk." and "We hear this bull every week..." The psychiatrist indicated that upon his release from the hospital the patient would require medical aid, both physical and mental. He reiterated the stroke had affected the patient's functioning in some parts of the brain.

The patient stated he did not recall at the moment whether he had any educational degrees. He would not name his friends who would provide his care. He told of being awakened by another patient "trying to pull my eyes out. And I mentioned it to the doctor, and he said, 'I don't feel no

consequences to that, if there is no consequences.' "

The second doctor testified that the patient suffered from depression when he first came to the hospital and that he was still receiving antidepressant medication.

 Evidence meets the "clear and convincing" standard of proof when it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). Although *Addington* involved an indefinite commitment, the same standard of proof required in that kind of commitment is now mandated by article 5547–50(b). The Supreme Court wrote at 570:

> This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. While the State's proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed.

In order to show that appellant is mentally ill the State must prove that appellant has a condition which substantially impairs his thought, emotional process, or judgment. That he does have a condition (the brain insult) which could give rise to these results is obvious. But it is the proof of the facts of the other elements which will demonstrate that appellant is mentally ill. Other than conclusive statements that appellant had impaired judgment and emotional processes, the proof consisted of his physical handicaps. That is, he is unable to care for himself physically. Another fact presented was his intense desire to leave the hospital.

■ Although there was some evidence that mental illness may be present in this case (the elements seem to lurk just beyond the proof presented), we hold the proof does not meet the clear and convincing standard required in a commitment proceeding, and it is therefore insufficient to establish mental illness in this case. The evidence does not furnish a factual basis to support the findings. *Moss v. State*, 539 S.W.2d 936, 949 (Tex.Civ.App.—Dallas 1976, no writ). *See Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). Point of error four is sustained.

■ We overrule appellant's point of error three that the probate court was without jurisdiction to hear the case. Jurisdiction is expressly conferred by article 5547–40. We further overrule point of error two which questions the compliance with article 5547–24. When the appellant requested his release as a voluntary patient by filing a letter with the hospital, and application for court-ordered mental health services during voluntary in-patient care was filed, this complied with the statute.

The ruling in this case in no way precludes further mental health proceedings as provided by law. The judgment is reversed and the cause is remanded to the probate court.