Linda JONES, Relator,

v.

The Honorable Catherine STAYMAN, Judge, 305th Judicial District Court of Dallas County, Texas, Respondent.

No. 05–86–01297–CV.

Court of Appeals of Texas, Dallas.

June 23, 1987.

Maxine T. McConnell, Brenda J. Garrett, Loretta M. Summers, Dallas, for relator.

Timothy B. Couch, Dallas, for respondent.

Before STEPHENS, HOWELL and HECHT, JJ.

HECHT, Justice.

On July 22, 1986, the Honorable Craig Penfold, then presiding judge of the 304th Judicial District Court of Dallas County, signed a final judgment in Cause No. 85–229–W terminating the parent-child relationship between relator Linda Jones and her two sons. On October 6, 1986, Jones filed an affidavit of inability to give cost bond for appeal, and the Dallas County District Clerk filed a contest the same day.

On October 13, 1986, Judge Penfold heard and sustained the District Clerk's contest, but he did not sign an order reflecting his ruling until October 23, 1986. Jones then filed an application for a free statement of facts, which Judge Penfold denied. Consequently, Jones moved for leave to file a petition for writ of mandamus directing Judge Penfold to order a free statement of facts for Jones. We granted Jones' motion.

While Jones' petition for writ of mandamus was pending before us, Judge Penfold's term expired and the Honorable Hal Gaither succeeded him as judge of the 304th Judicial District Court. Jones renewed her application to Judge Gaither, who declined to rule and transferred the case to the 305th Judicial District Court. The Honorable Catherine Stayman, judge of the 305th District Court, denied Jones' application. On Jones' motion, we granted leave to substitute Judge Stayman as respondent. *See Jampole v. Touchy,* 673 S.W.2d 569, 572 (Tex.1984).

Rule 40(a)(3)(E), Texas Rules of Appellate Procedure[1], like its predecessor, rule 355(e)[2], Texas Rules of Civil Procedure, requires the trial court to rule on any contest to an affidavit of inability to pay costs by written order signed within ten days[3] of the date the contest is filed. *See Shaffer v. U.S. Companies, Inc.,* 704 S.W.2d 411 (Tex.App.—Dallas 1986, no writ). Absent such ruling, the allegations of the affidavit must be taken as true. As respondent acknowledges, the order sustaining the contest in this case was not signed within the time permitted by the rule.

■ Respondent nevertheless argues that Jones is not entitled to a free statement of facts because she failed to give the court reporter notice of the filing of her affidavit within two days of that filing as required by rule 40(a)(3)(B).[4] Four days before Jones' affidavit was filed, Jones' attorney typed a letter dated October 2, 1986, addressed to the court reporter and referencing this case. Jones' attorney, however, did not mail this letter until October 7, 1986, five days after it was dated, and within the two day period following filing of the affidavit allowed by rule 40(a)(3)(B).[5] The letter stated:

> The Respondent, Linda Jones, intends to appeal the final judgment signed by the Court in the above captioned matter on July 22, 1986 as soon as her *Affidavit*

---

1. Rule 40(a)(3)(E), TEX.R.APP.P., provides:
   If no contest is filed in the allotted time, the allegations of the affidavit shall be taken as true. If a contest is filed, the court shall hear the same within ten days after its filing unless the court extends the time for hearing and determining the contest by a signed written order made within the ten day period. The court shall not extend the time for more than twenty additional days after the date of the order of extension. If no ruling is made on the contest within the ten day period or within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.
   Unless otherwise noted, all references to rules are to the Texas Rules of Appellate Procedure.

2. Rule 355(e), TEX.R.CIV.P., provided:
   If no contest is filed within the allotted time, or if no ruling is made on the contest within ten days after its filing, the allegations of the affidavit shall be taken as true.

3. Rule 40(a)(3)(E), unlike its predecessor, rule 355(e), authorizes an extension for no more than 20 days of the time for ruling on the contest if the trial court signs a written order to

that effect within the original 10–day period. The time for ruling in this case was not extended.

4. Rule 40(a)(3)(B), TEX.R.APP.P., provides:
   The appellant or his attorney shall give notice of the filing of the affidavit to the opposing party or his attorney and to the court reporter of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

5. Notice by mail is complete upon deposit with the U.S. Postal Service. TEX.R.CIV.P. 21a. The requirement of rule 21a that notice be sent by registered or certified mail is waived if the person to be notified actually receives the notice and is not prejudiced by the failure to follow the strict requirement of the rule. *See Hill v. W.E. Brittain, Inc.,* 405 S.W.2d 803, 806–807 (Tex.Civ. App.—Fort Worth 1966, no writ). The claim here is not that the court reporter was prejudiced by Jones' failure to send notice by registered or certified mail instead of regular mail, but that the letter is not "notice of the filing" of Jones' affidavit.

*of Inability to Pay Cost Bond* is filed and accepted in lieu of Cost Bond.

This letter is to put you on notice that we will be requesting you to prepare an original and one copy of the statement of facts containing all the testimony of all the witnesses.

Since a motion of new trial was filed in this case, the statement of facts must be filed with the Court of Appeals within 100 days of the signing of the judgment. The statement of facts must be filed before October 30, 1986.

We anticipate that the Affidavit of Inability to Pay Cost Bond will be set for hearing on or about October 13, 1986. If you are unable to complete the statement of facts on or before October 23, 1986, please let me know so that I can prepare a motion for extension of time in which to file the statement of facts in the Court of Appeals.

Thank you for your help and cooperation.

[Emphasis in original]

■ Jones contends that this letter provides actual and constructive notice to the court reporter. It is stipulated that the court reporter knew that Jones had filed an indigency affidavit sometime prior to the hearing. Jones cites *Parsons v. State*, 677 S.W.2d 786, 787 (Tex.App.—San Antonio 1984, no writ) as authority for her argument that actual notice, even if received more than two days after the filing of the affidavit, is sufficient to comply substantially with the rule. *Parsons*, however, was based on the then-existing language of rule 355(c) of the Texas Rules of Civil Procedure, which provided that the time to contest an affidavit ran from the time the opposing party gained actual notice of its filing if notice was not sent within two days. That provision has been replaced in rule 40(a)(3)(B) by one stating that unless notice is given within two days, the party "shall not be entitled to prosecute the appeal without paying the costs or giving security therefor." Since the rule has changed, *Parsons* is no longer applicable in this respect. Nothing before us shows that the court reporter had actual notice within

two days after the filing of the affidavit. We thus proceed to Jones' contention that she sufficiently notified the court reporter of the filing by letter.

■ This letter is not "notice of the filing" of Jones' affidavit of inability to give cost bond. As of the date the letter was prepared and dated, no affidavit had been filed. The letter does not state that Jones would file an affidavit on any certain date. Although the letter was not mailed until after the affidavit was filed, that filing is not mentioned. The referenced anticipation that a hearing on the affidavit would be set on October 13, 1986, does not give notice of the date of filing of the affidavit but only adds to the confusion since under rule 40 hearings are required only on contests to affidavits, not on affidavits themselves.

Literally, the only notice given in the letter is that a request will be made for the statement of facts. Notice to the court reporter of the filing of an affidavit is important because he or she may be required to shoulder the burden of preparing a statement of facts without compensation. *See* TEX.R.APP.P. 53(j)(1). Failure to give notice of the filing of an affidavit is likely to prejudice the court reporter more than anyone else.

■ Jones' failure to notify the court reporter of the filing of her affidavit was not harmless. The court reporter was entitled to rely upon the promise of the rule that absent "notice of the filing" of Jones' affidavit, Jones "shall not be entitled to prosecute the appeal without paying the costs or giving security therefor." *Bantuelle v. Renfroe*, 620 S.W.2d 635, 640 (Tex. App.—Dallas 1981, writ ref'd, n.r.e.); *Furr v. Furr*, 721 S.W.2d 565, 566 (Tex.App.—Amarillo 1986, no writ) (rule specifically appled to 40(a)(3)(B)). Although the court reporter knew Jones had filed an affidavit before the hearing, was present at the hearing, and presumably could have either filed his own contest or requested additional time to do so, he was entitled instead to rely upon the rule. The court need not have ruled on the contest at all but might have based its decision solely upon Jones'

prejudicial failure to give notice to the court reporter. We hold that notice of some possible future filing of an affidavit does not measure up to either the standard or the purpose of the rule.

Since Jones failed to give the court reporter notice of the filing of her affidavit of inability to give cost bond as required by rule 40(a)(3)(B), she is not entitled to prosecute the appeal without paying the costs or giving security therefor. The trial court had neither the duty nor the authority to order that the statement of facts be made available to Jones at no cost. The petition for mandamus must therefore be denied.