**Linda JONES, Relator,**

v.

**The Honorable Catherine STAYMAN, 305th District Court, Dallas County, Respondent.**

**No. C–6805.**

Supreme Court of Texas.

Dec. 2, 1987.

Rehearing Denied Jan. 13, 1988.

.

Maxine T. McConnell, John M. Fric and Veronika Willard, SMU School of Law Legal Clinic, Dallas, for relator.

Timothy Couch and Dorothy Reid (Dist. Attys. Office), Lloyd S. Gastwirth and Terese Easter, Dallas, for respondent.

PER CURIAM.

Relator Linda Jones seeks a writ of mandamus to compel the trial court to grant her application for a free statement of facts under TEX.R.APP.P. 53(j), for use in her appeal from a judgment terminating her parental rights.[1] On October 6, 1986 Jones timely filed an affidavit of inability to pay cost bond under TEX.R.APP.P. 40(a)(3)(B). The only contest, also filed on October 6, was overruled by operation of law when the trial court failed to sign a written order either determining the contest or extending the time for doing so within the ten days allotted by TEX.R. APP.P. 40(a)(3)(E). Rule 53(j), therefore required the court, on application by Jones, to order the official court reporter to prepare and deliver a statement of facts without pay. The question here, however, is whether Jones failed to provide the required notice of filing the affidavit to the court reporter, and so is not entitled to

---

1. This action was transferred to Judge Stayman by the original trial judge's successor. Judge Stayman then denied Jones' renewed application for a statement of facts. Jones then sought

and was denied mandamus relief in the court of appeals. *Stayman v. Jones,* 732 S.W.2d 437 (Tex.App.—Dallas 1987, orig. proc.).

**370**

prosecute her appeal without payment of costs. *See* TEX.R.APP.P. 40(a)(3)(B).

Jones' attorney typed a letter to the court reporter before the affidavit was filed. The letter, dated October 2, stated that Jones intended to appeal as soon as her affidavit was filed and accepted in lieu of cost bond, and put the court reporter "on notice" that Jones would be requesting a statement of facts. The letter informed the court reporter that the statement of facts was due on October 30, and that the anticipated date for a hearing on the affidavit was October 13. The letter closed with a request that the court reporter inform the attorney if the statement of facts would not be ready by October 23. It is undisputed that the letter was mailed on the day after the affidavit was filed, within the two-day period allowed by Rule 40(a)(3)(B). The parties have also stipulated that the court reporter had actual notice of the filing of the affidavit at some point before the October 13 hearing. The court reporter was present at the hearing. He did not raise any objection as to a lack of proper notice, nor did he file a contest or request an extension of time to do so.

The notice requirement in Rule 40(a)(3)(B) was intended to allow the court reporter and the appellee the opportunity to file a timely written contest. The letter to the court reporter may not be a model of precision, but it appears to sufficiently fulfill the purpose of the rule. Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal. *See Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945). More importantly, the court reporter chose not to object to any lack of proper notice, although he had ample opportunity to do so at the indigency hearing. We conclude, therefore, that any deficiency in notice was waived. Because Jones filed a successful affidavit under Rule 40(a)(3), the trial court had a clear duty under Rule 53(j) to grant her application for a statement of facts. Mandamus will lie to correct its refusal to do so. *See Allred v. Lowry,* 597 S.W.2d 353 (Tex.1980).

We hold that the trial court's denial of Jones' application for a statement of facts conflicts with Rules 40(a)(3) and 53(j) of the Texas Rules of Appellate Procedure. Pursuant to TEX.R.APP.P. 122, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial court fails to act in accordance with this opinion.