

# THE ATTORNEY GENERAL
# OF TEXAS

March 8, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Fred G. Rodriguez          Opinion No. JM-870
Criminal District Attorney
Bexar County Courthouse              Re: Jurisdiction of the
San Antonio, Texas  78205            statutory probate courts of
                                     Bexar County to adjudicate
                                     cases under the Mental
                                     Health Code, in light of
                                     recent amendments to former
                                     article 1970-301e.2, V.T.C.S.
                                     (RQ-1248)

Dear Mr. Rodriguez:

You ask:

> 1.  Whether amendments to Title 41 of the
> Texas Civil Statutes, relating to County
> Courts, the Texas Government Code and the
> Texas Mental Health Code, effective
> September 1, 1987, have divested the
> statutory probate courts of Bexar County,
> Texas of jurisdiction to hear and adjudicate
> proceedings brought pursuant to the Texas
> Mental Health Code.

> 2.  If the statutory probate courts of
> Bexar County, Texas, do have jurisdiction
> over mental health proceedings, whether such
> courts have been divested of statutory
> authority to docket such proceedings.

You give as the reason for concern about the courts' jurisdiction the repeal of article 1970-301e.2, V.T.C.S., Acts 1987, 70th Leg., ch. 148, §4.02(a), at 1389, effective September 1, 1987.

Section 18(a) of the repealed statute provided in pertinent part:

> The Probate Court No. 1 of Bexar County and
> the Probate Court No. 2 of Bexar County have

> general jurisdiction, concurrent with the jurisdiction of the county court, to hear and determine all actions, cases, matters, or proceedings instituted under:
>
>> (1) The Texas Mental Health Code (Article 5547-1, et seq., Vernon's Texas Civil Statutes)[.]

Acts 1983, 68th Leg., ch. 355, §18(a), at 1922.

You state that a question has arisen as to whether Probate Court No. 1 of Bexar County and Probate Court No. 2 of Bexar County have jurisdiction to hear and adjudicate proceedings brought pursuant to article 5547, V.T.C.S.

The Texas Legislative Council's Revisor's Note on chapter 25, subchapter B of the Government Code, at page 68, makes the following comment relative to the repeal of section 18(a) by the 70th Legislature:

> The revised law omits Section 18(a) of Article 1970-301e.2 relating to additional jurisdiction of a statutory probate court because the provisions are unnecessary. Article 5547-10, Texas Mental Health Code, provides that a court having probate jurisdiction has jurisdiction over matters contained in the Texas Mental Health Code. . . .

Article 5547-10, V.T.C.S. provides:

> The term 'county court' is used in this code [mental health] to mean the 'probate court' or the court having probate jurisdiction, and the term 'county judge' means the judge of such court. The county court shall be open at all times for proceedings under this code.

Article 5547-40, V.T.C.S. states:

> A proceeding pursuant to this subchapter [Proceedings for court-ordered mental health services] shall be held in the statutory or constitutional court of the county exercising the jurisdiction of a probate court in mental illness matters.

In <u>Parsons v. State</u>, 677 S.W.2d 786, 789 (Tex. App. -
San Antonio 1984, no writ) the court rejected appellant's
point of error that the probate court was without juris-
diction to hear a case in which appellant was adjudged to
be mentally ill. The court held: "Jurisdiction is
expressly conferred by article 5547-40."

Section 25.0171 of the Government Code, effective
September 1, 1987, provides in relevant part:

> (b) Bexar County has the following
> statutory probate courts:
>
> (1) Probate Court No. 1 of Bexar County,
> Texas; and
>
> (2) Probate Court No. 2 of Bexar County,
> Texas.

Section 25.0021 of the Government Code, effective
September 1, 1987, addresses the matter of the
jurisdiction of a statutory probate court as follows:

> A statutory probate court as that term is
> defined in Section 3(ii), Texas Probate
> Code, has the general jurisdiction of a pro-
> bate court as provided by the Texas Probate
> Code.

Section 5(c) of the Probate Code provides in
pertinent part, as follows:

> (c) In those counties where there is a
> statutory probate court, county court at
> law, or other statutory court exercising the
> jurisdiction of a probate court, all appli-
> cations, petitions and motions regarding
> probate, administrations, guardianships,
> limited guardianships, <u>and mental illness
> matters</u> shall be filed and heard in such
> courts and the constitutional county court,
> rather than in the district courts, unless
> otherwise provided by the legislature, and
> the judges of such courts may hear any of
> such matters sitting for the judge of any
> such courts. (Emphasis added.)

Statutory Probate Courts of Bexar County have juris-
diction to hear and adjudicate proceedings brought
pursuant to the Mental Health Code.

In your second question you state that a question has been raised as to the authority of the statutory probate courts of Bexar County to docket mental health proceedings. As was the case in the first question, the basis for such position appears to be the repeal of article 1970-301e.2 by the 70th Legislature. Section 18(b) of the statute before the effective date of its repeal provided as follows:

> (b) All matters for which the courts have jurisdiction under Subsection (a) of this section filed with the county clerk, regardless of the court or judge to which the matter or proceeding is addressed, shall be filed by the clerk alternately in Probate Court No. 1 of Bexar County and Probate Court No. 2 of Bexar County. Every odd-numbered case shall be filed with Probate Court No. 1 of Bexar County and every even-numbered case shall be filed with Probate Court No. 2 of Bexar County, but the judges of the statutory probate courts and the county judge may determine another manner for filing cases. The clerk shall keep a separate docket for each court.

See Acts 1983, 68th Leg., ch. 355, §18(b), at 1922.

The Texas Legislative Council's Revisor's Note on chapter 25, subchapter B of the Government Code, at page 67, states:

> The revised law omits language in Sections 17(b), 18(b), and 19(b) of Article 1970-301e.2 because specific filing and docketing requirements were impliedly repealed by the Court Administration Act (Article 200a-1, Vernon's Texas Civil Statutes). Section 5.003(b)(1) of that Act requires the district and county court judges in each county to adopt rules providing for the assignment, docketing, transfer, and hearing of cases.

The Court Administration Act is now recodified in the Government Code and the above provision relating to docketing of cases is found in section 74.093 of that code. It provides in pertinent part:

> (a) The district and statutory county court judges in each county shall, by majority votes, adopt local rules of administration.
>
> (b) The rules must provide for:
>
> > (1) assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts.

Gov't Code §74.093.   Thus, the district and statutory county court judges "shall" adopt rules providing for the docketing of mental health proceedings in the statutory probate courts.

The statutory probate courts of Bexar County have jurisdiction to hear and adjudicate proceedings brought pursuant to the Texas Mental Health Code.

### S U M M A R Y

> The statutory probate courts of Bexar County have jurisdiction to hear and adjudicate proceedings brought pursuant to the Texas Mental Health Code.   The statutory probate courts of Bexar County have not been divested of statutory authority to docket cases.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General