NO. 07-01-0260-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 21, 2001


______________________________



IN THE INTEREST OF PAUL EVERETT WININGER II, 


KYMBERLY MICHELLE WININGER and DUSTIN LEE WININGER, CHILDREN,


_________________________________



FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;



NO. 21,957; HON. TOM NEELY, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 The Texas Department of Protective and Regulatory Services (TDPRS) has filed
a motion to dismiss this appeal, asserting that we have no jurisdiction over same. The suit
began as a proceeding to terminate the parental relationship between Caren M. Wininger,
Paul Wininger and their children. While it pended adjudication, Wininger filed a cross-claim against her then husband seeking a divorce. For the reasons which follow, we deny
the motion to dismiss. 

 A document purporting to be a final judgment terminating the parental relationship
in question was signed on June 26, 2000. However, it did not dispose of the divorce
sought by Caren. The latter relief was not granted until the trial court signed a document
on October 13, 2000, divorcing the couple. At that point in time, i.e. October 13, 2000, all
the issues raised by the parties and involved in the proceeding had been disposed of, and
the judgment signed in June of 2000 became final. Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992)(holding that a judgment is final and appealable when it
disposes of all the parties and issues encompassed in the suit). 

 Moreover, on September 15, 2000, approximately one month before the trial court
disposed of all the issues, Caren wrote the trial judge a letter. Therein, she asked it to
appoint her a new attorney. Though she had one at the time, she sought another because
the one she had was allegedly neglecting to pursue her appeal. Indeed, counsel
supposedly had directed her to obtain another attorney if she (Caren) desired to appeal. 
Thus, Caren, pursuant to the directive of her existing attorney and through the September
15th letter, solicited a new attorney from the court. And, in doing so, she evinced in writing
her present intent and effort to appeal the decree terminating her parental rights well within
30 days of the date that particular decree became final for purposes of appeal. (1)

 We have long been told that the rules of appellate procedure must be interpreted
liberally to reach the merits of the appeal whenever possible. Jones v. Stayman, 747
S.W.2d 369, 370 (Tex. 1987); Espalin v. Children's Med. Center, 27 S.W.3d 675, 682 n.
4 (Tex. App.--Dallas 2000, no pet.). In furtherance of this policy, the Supreme Court has
consistently held that "with respect to all . . . methods of perfecting appeal . . . the factor
which determines whether jurisdiction has been conferred . . . is not the form or substance
of the" document purporting to perfect the appeal "but whether the instrument 'was filed
in a bona fide attempt to invoke appellate court jurisdiction.'" Walker v. Blue Water Garden
Apt., 776 S.W.2d 578, 581 (Tex. 1989); accord, City of San Antonio v. Rodriguez, 828
S.W.2d 417, 418 (Tex. 1992) (holding the same). And, if the instrument was so filed, the
appellant must be given opportunity to amend his notice to comply with the rules of
procedure. Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc., 813 S.W.2d
499, 500 (Tex. 1991); Tex. R. App. Proc. 25.1(f) (stating that leave to amend a defective
notice of appeal may be granted at any time before the appellant's brief is filed). 

 As described above, the September 15th letter to the trial court evinced not only
Caren's intent but effort to appeal the termination of her parental rights. Indeed, a request
for another attorney to prosecute the appeal because her previous one allegedly did not
can hardly be construed otherwise. And, because the September 15th missive illustrates
her present intent and effort to contest the termination through appeal, we consider it a
bona fide attempt to invoke our jurisdiction. (2) Accordingly, we hold that Caren perfected
a timely appeal to this court and deny the motion to dismiss same.


 Brian Quinn

 Justice



Do not publish. 
1. That the September 15, 2000 letter was filed before all issues were disposed of matters not for a
premature notice of appeal is deemed filed on the day of, but after, the event that begins the period for
perfecting the appeal. Tex. R. App. Proc. 27.1. In other words, and to the extent that the September 15th
letter constitutes a notice of appeal, the notice was deemed filed immediately after the trial court disposed
of all issues pending in the cause when it granted the divorce in October of 2000.
2. Because Caren has since filed a notice of appeal which comports with the dictates of Rule 25.1(d)
of the Texas Rules of Appellate Procedure, any defect in her prior notice, i.e. the September 15th letter, has
been cured. So, we need not afford her opportunity to cure same as per Grand Prairie.