NO.
12-05-00082-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

CATHY BURGESS,                          §          APPEAL FROM THE 321ST

APPELLANT

 

V.                                                        §          JUDICIAL DISTRICT COURT OF

 

MOHAMMAD FEGHHI,

APPELLEE                                       §          SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION








            Cathy
Burgess appeals from the trial court’s order sustaining the court reporters’
contest to Burgess’s affidavit of indigence. 
Burgess contends the trial court abused its discretion in sustaining the
contest, the trial court was biased, her rights to equal protection and due
process have been violated, and the rules regarding indigency are
unconstitutional.  Because the trial
court erred in sustaining the contest, we vacate the trial court’s order.

 

Background

            On
August 2, 1988, Cathy Burgess gave birth to a daughter, Shela.  On July 14, 1989, a Bexar County court declared
Mohammad Feghhi to be the father and ordered him to pay child support, provide
health insurance for the child, and pay all health care expenses not paid by
insurance.  On May 29, 1990, Burgess
filed the first of many motions to enforce that child support order.  In July 1991, Feghhi was almost $9,000.00 in
arrears and was found in contempt for failing to pay as ordered.  In 2003, the case was transferred to Smith
County because Burgess and the child now reside in this county.  On November 15, 2004, the Smith County
trial court entered an order modifying child support.








            On
November 29, 2004, Burgess, proceeding pro se, filed a notice of appeal and
request to proceed in forma pauperis to have that order reviewed.  A motion to proceed in forma pauperis,
together with an affidavit of indigence, was filed in this court on December
3.  Another “request for appeal” was
filed in the trial court on December 7 and in this court on December 9.  On January 14, 2005, this court sent notice
to the district clerk and to court reporters Kim Christopher and Kristy L.
Crawford informing them that the clerk’s and reporter’s records were past
due.  On February 1, Crawford filed a
contest to Burgess’s affidavit of inability to pay costs.  Christopher and a third reporter, Karla K.
Clark, filed contests on February 2.  The
clerk’s record was filed on February 4, 2005. 


            On
February 10, the trial court held a hearing on the contest of indigence.  Crawford and Burgess appeared pro se.  The trial court found that the contest was
timely because the reporters did not receive notice of the appeal until January
31.  After considering both the November
29 and December 3 affidavits of indigence, the trial court determined that
Burgess did not comply with Texas Rule of Appellate Procedure 20.1, which
states with specificity what information must be contained in the
affidavit.  The court sustained the
contest because Burgess “did not follow the law.”

 

Timeliness
of Contest

            In
her second issue, Burgess contends the trial court abused its discretion when
it sustained the contest because the contest was late and her affidavit of
indigence was sufficient.  We agree that
the contest should not have been sustained.

Applicable Law

            Under
present Rule 20.1, an appellant who cannot pay the costs of an appeal may
proceed without advance payment of costs if she files an affidavit of indigence
containing certain specified information with or before the notice of
appeal.  Tex. R. App. P. 20.1. 
If the affidavit of indigence is filed with the trial court clerk, the
clerk must promptly send a copy of the affidavit to the appropriate court
reporter.  Tex. R. App. P. 20.1(d). 
The clerk, the court reporter, or any party may challenge the claim of
indigence by filing a contest to the affidavit within ten days after the date
when the affidavit was filed in the trial court.  Tex.
R. App. P. 20.1(e).  The rule
specifically provides that “[u]nless a contest is timely filed, no hearing will
be conducted, the affidavit’s allegations will be deemed true, and the party
will be allowed to proceed without advance payment of costs.”  Tex.
R. App. P. 20.1(f).  However, if a
contest is filed, the party who filed the affidavit of indigence must prove the
affidavit’s allegations.  Tex. R. App. P. 20.1(g).

 

Discussion

            The
trial court first addressed the issue of the timeliness of the court reporters’
contest.  In ruling in the reporters’
favor, the court quoted a San Antonio Court of Appeals case that held the
reporter may file a contest outside the ten day period set out in the rules
when the record suggests that the court reporter was not served with notice of
the affidavit by the clerk.  See In
re J.N.L., 158 S.W.3d 527, 531 (Tex. App.–San Antonio 2004, no
pet.).  There, the court explained that
there was nothing in the record to show the reporter had notice of the
affidavit, she was not at fault, she had been “deprived of the opportunity to
file a contest” to the appellant’s claim of indigence, and she may sustain a
monetary injury by having to provide a reporter’s record without prepayment of
costs.  Id. at 529.  Because the “reporter was deprived of notice
and an opportunity to file a contest” to the claim of indigence, the court
applied Texas Rule of Appellate Procedure 2(b) to suspend the time period for
filing the contest.  Id. at
530.  The court abated the appeal and
sent the case to the trial court for a hearing on whether the  trial court clerk sent notice to the reporter
or whether the reporter otherwise had actual notice.  Id.  We respectfully disagree with the San Antonio
court’s reasoning and outcome.

            The
San Antonio court relied on In re C.M.G., 883 S.W.2d 411, 413
(Tex. App.–Austin 1994, no pet.).  The
Austin court relied on Watson v. Hart, 871 S.W.2d 914, 918 (Tex.
App.–Austin 1994, orig. proceeding).  The
court in  Watson, in turn,
relied on Jones v. Stayman, 747 S.W.2d 369, 369 (Tex. 1987)
(orig. proceeding).  These three cases
all involved Rule 40(a), the predecessor to Rule 20.1.  That rule, which was in effect from September
1, 1986 until September 1, 1997, required the appellant or his attorney to
provide notice of the affidavit of indigence to the reporter.  See Tex.
R. App. P. 40(a)(3)(B) (repealed 1997). 
The Jones court held that the notice requirement in Rule
40(a)(3)(B) was intended to allow the court reporter and the appellee the
opportunity to file a timely written contest. 
Jones, 747 S.W.2d at 369. 


            The
rationale of Jones, Watson, and C.M.G.
is consistent with the rule in effect at the time.  When the burden is on the appellant to give
notice and he does not, he should not be allowed to benefit by his failure to
do so by application of the rule’s mandate that, in the event the affidavit is
not timely contested, the allegations in it are taken as true.  However, the current rule requires the clerk,
not the appellant, to give notice.  An
appellant should not be punished when the clerk fails to send the required
notice to the reporter.[1] 
We conclude that application of the rationale in Jones, Watson,
and C.M.G. would unjustly deny the appellant her right to rely on
the rule mandating that the affidavit’s allegations be taken as true and
improperly place the burden on the appellant to prove the allegations in the
face of a late contest.

            We
note also that prior to September 1, 1986, the rules did not require anyone to
notify the court reporter that an affidavit of indigence had been filed.  See, e.g., Tex. R. Civ. P. 355 (1984, repealed 1986).  At least one court held that an experienced
court reporter must have been aware of the procedural time limits involved and,
once the affidavit was filed, it became a public record of which the reporter
was charged with constructive notice.  Perez
v. McGar, 630 S.W.2d 320, 322 (Tex. App.–Houston [14th Dist.]
1982, orig. proceeding).  Further,
although an affidavit of indigence is no longer used to invoke appellate
jurisdiction, it is no less essential to an appeal because if a contest to the
affidavit is sustained, the appellant must either pay for the appellate record
or suffer dismissal of the appeal or affirmance of the trial court’s
judgment.  Tex. R. App. P. 37.3(b); Bennett v. Cochran, 96
S.W.3d 227, 229 (Tex. 2002); In re J.W., 52 S.W.3d 730, 733 (Tex.
2001).  Because of their significant
impact, we construe the rules governing indigency in favor of the right to be
heard on appeal.  See In re B.R.G.,
37 S.W.3d  542, 544 (Tex. App.–El Paso
2001, no pet). 

            Burgess
timely filed an affidavit of indigence at the time she filed her notice of
appeal, on November 29, 2004.  The clerk
was required to send notice to the court reporters.  Any contest was required to be filed within
ten days after the date the affidavit was filed in the trial court.  The first contest was filed on February 1,
2005, decidedly late.  Under the rules,
the court should not have held a hearing and the affidavit’s allegations are to
be deemed true.  Tex. R. App. P. 20.1(f). 
In this instance, the party is “absolutely entitled to the exemption
from costs” and “the trial court lacks the authority to affect the party’s
entitlement.”  Rios v. Calhoon,
889 S.W.2d 257, 258-59 (Tex. 1994) (orig. proceeding); In re B.A.C.,
4 S.W.3d 322, 323 (Tex. App.–Houston [1st Dist.] 1999, pet. dism’d); Knowles
v. Mack, 04-04-00422-CV, 2004 Tex. App. LEXIS 7385, at *3 (Tex. App.–San
Antonio August 18, 2004, no pet.)(mem. op.)(not designated for
publication).   We sustain Burgess’s
second issue.

Judge’s Bias








            In
her third issue, Burgess asserts that the trial judge was biased against her
because she is poor.  She argues that the
judge acted arbitrarily and was not concerned with the child’s best
interest.  She complains that the judge
would not listen to her, but helped the reporters.  Burgess also claims that the judge let her
staff lose papers Burgess filed and ignored her motions.  Because the judge appeared not to like
Burgess and was not impartial, Burgess argues, the judge should be
disqualified.

            The
discretion vested in the trial court over the conduct of a trial is great.  Dow Chem. Co. v. Francis, 46
S.W.3d 237, 240 (Tex. 2001).  A trial
court has the authority to express itself in exercising this broad
discretion.  Id. at
240-41.  Opinions the judge forms during
a trial do not necessitate recusal unless they display a deep-seated favoritism
or antagonism that would make fair judgment impossible.  Liteky v. United States, 510
U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).  Judicial remarks during the course of a trial
that are critical or disapproving of, or even hostile to, counsel, the parties,
or their cases ordinarily do not support a bias or partiality challenge.  Id.  Expressions of impatience, dissatisfaction,
annoyance, or anger do not establish bias. 
Id. 510 U.S. at 555-56, 114 S. Ct. at 1157.

            Much
of what Burgess complains of apparently occurred during the modification
proceedings because it did not occur on the day of the contest hearing, which
is all that is presently before us. 
Further, we find nothing in this record that rises to the level of
judicial bias against Burgess.  We
overrule Burgess’s third issue.

 

Issues Unnecessary to Disposition

            In
issues four and five, Burgess contends she has been denied due process and
equal protection and that the applicable rules are unconstitutional.  We need not reach these issues.  Where a court can rest its decision on
nonconstitutional grounds, it will not reach constitutional questions.  State v. Windham, 837 S.W.2d
73, 78 n.4 (Tex. 1992).  Further, because
our determination of issue two governs the outcome of this case, we do not
reach Burgess’s issues one and six.  See
Tex. R. App. P. 47.1.

 

Conclusion








            Because
the contest to the affidavit of indigence was not timely, the trial court erred
in holding the hearing.  The allegations
in the affidavit are deemed true and Burgess must be allowed to proceed without
advance payment of costs.  See Tex. R. App. P. 20.1(f).  

            We
vacate the trial court’s order dated February 11, 2005 and order
that the contest to Burgess’s affidavit of indigence is overruled.  See Tex.
R. App. P. 43.2(c).

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered March 31, 2006.

Panel consisted
of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] In this case, the trial court did not inquire
of the clerk whether she in fact sent notice.