# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-15-00029-CV
---

**In re Myriam Meredith**

---
### ORIGINAL PROCEEDING FROM MILAM COUNTY
---

### M E M O R A N D U M   O P I N I O N

Myriam Meredith has filed a petition for writ of mandamus seeking relief from the county court's rulings concerning her timely filed and uncontested statement of inability to pay costs on appeal from the justice court. Real party in interest Thorndale Housing Authority (THA) filed suit to evict Meredith for lease violations, and the justice court rendered judgment in favor of THA. Meredith seeks to appeal and asks this Court to order Respondent the Honorable Dave Barkemeyer, in the Milam County Court, to vacate his orders denying Meredith's request to proceed with her appeal without paying costs in county court, motion for reconsideration, and request for a hearing, which resulted in the remand of the appeal to justice court. We conditionally grant the writ.

### BACKGROUND

On November 18, 2014, the justice court rendered judgment for possession in favor of THA. It appears from the record that on the following day, Meredith, acting pro se, filed a notice of appeal and a sworn statement of inability to pay. In her affidavit, Meredith testified that she had no cash on hand, incurred monthly expenses of $541, and received $341 in Social Security, $388 in Supplemental Security Income, and $81.00 in food assistance per month. The justice court

forwarded the file to the Milam County Court, where it was received on November 24, 2014. That same day, the Milam County Clerk sent notice to Meredith that a $235 filling fee had to be paid within 20 days "for the appeal to be deemed to be perfected, in accordance with Rule 143A of [the] Texas Rules of Civil Procedure." On December 3, 2014, Meredith filed an unsworn handwritten letter informing the court of her inability to pay, repeating the income statements contained in the affidavit she filed in justice court, and informing the county court that she had "previously recieved [sic] appeal in [justice court] for inability to pay." On December 5, 2014, Respondent denied Meredith's "request" by an order handwritten on Meredith's letter. On December 9, 2014, the Milam County Clerk notified Meredith that her "request for an Inability to Pay" had been denied and that if payment was not received by noon on December 24, 2014, her case would be "directed back to JP#4 and the judgment there will stand."

On December 18, Meredith obtained counsel through Lone Star Legal Aid. On December 23, 2014, her attorney filed a motion for reconsideration of her request to proceed without paying costs and attached a copy of Meredith's sworn statement of inability to pay filed in the justice court. Without holding a hearing, Respondent denied the motion on January 6, 2015.[1] On January 9, 2015, Meredith's counsel sought a hearing by submitting a proposed notice of hearing to be signed by Respondent. That same day, the clerk's office provided Meredith's counsel a copy of the notice of hearing with an undated, handwritten entry, signed by Respondent, ordering "Request

---

[1] The county court docket sheet reflects that the motion was denied on January 6, 2014, which we construe as a typographical error in the date.

2

denied." The clerk's office also informed Meredith's counsel that if no other paperwork was filed by January 12, 2015, the file would be returned to the justice court.

On January 14, 2015, Meredith learned that a writ of possession had issued and filed this petition for writ of mandamus and an emergency motion for a temporary stay pending this Court's ruling on her mandamus petition. On January 15, 2015, we granted temporary relief staying execution of the writ of possession until further order of this Court and requested real party in interest THA to file a response no later than January 20, 2015. No response has been received.

## STANDARD OF REVIEW

A party seeking mandamus relief must establish that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). A county court's decision denying a party's attempt to appeal from justice court without furnishing a bond or paying a cash deposit is not among the list of appealable interlocutory orders, *see* Tex. Civ. Prac. & Rem. Code § 51.014(a), and we find no other statute that authorizes such an appeal. *See Redlich v. Stonewood Ranch*, No. 02-14-00390-CV, 2015 Tex. App. LEXIS 385, at *1–2 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (per curiam) (mem. op.) ("We are aware of no statute that authorizes an appeal to this court from the county court's decision on appeal from the justice court denying Redlich's attempt to appeal without furnishing a bond or paying a cash bond."). This Court has previously held that a remand to justice court under Rule 143a for failure to pay costs on appeal from justice court is not a final

judgment subject to appeal. *McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 Tex. App. LEXIS 921, at *3–4 (Tex. App.—Austin Feb. 10, 2000, no pet.) (not designated for publication) (where county court disapproved pauper's affidavit and returned file to justice court, and record reflected no proceeding beyond county clerk's notation that she was returning record to justice court, there was no final appealable order, and court of appeals lacked jurisdiction over appeal); *see Reynolds v. Garcia*, No. 05-08-01453-CV, 2009 Tex. App. LEXIS 2053, at *2 (Tex. App—Dallas Mar. 25, 2009, no pet.) (per curiam) (mem. op.) ("An order requiring appellant to post an appeal bond to proceed with an appeal to a county court from the justice court is not a final judgment, nor is it an appealable interlocutory order."); *see also Redlich*, 2015 Tex. App. LEXIS 385, at *1–2 (citing *McGaughy* and dismissing for lack of jurisdiction appeal from county court order sustaining contest to affidavit of inability to pay on appeal from justice court). As a result, Meredith lacks an adequate remedy at law and is entitled to mandamus if she establishes that the county court abused its discretion in denying her request to proceed without paying costs.

"A trial court 'abuses its discretion when it reaches a decision so arbitrary or unreasonable as to amount to a clear and prejudicial error of law.'" *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). Because a trial court has no discretion in determining what the law is or in applying the law to the facts of the case, the failure to analyze or apply the law correctly constitutes an abuse of discretion. *In re Texas Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006); *In re Thompson*, 330 S.W.3d 411, 417 (Tex. App.—Austin 2010, orig. proceeding).

**DISCUSSION**

It appears from the record that the Milam County Court relied on Rule 143a in requiring Meredith to pay costs on appeal and remanding the case to the justice court upon her failure to do so. *See* Tex. R. Civ. P. 143a (if appellant fails to pay costs on appeal from judgment of justice court within 20 days after being notified to do so by county clerk, appeal deemed not perfected and file returned to justice court). Meredith contends that the county court has misapplied the law to the facts of this case and has therefore abused its discretion. We agree. Section 24.0052 of the Property Code provides that a tenant in a residential eviction suit who is unable to pay the costs of appeal or file an appeal bond may appeal the judgment of the justice court by filing with the justice court, not later than the fifth day after the date the judgment is signed, a pauper's affidavit sworn before the clerk of the justice court or a notary public. *See* Tex. Prop. Code § 24.0052(a); *see also* Tex. R. Civ. P. 510.9(a) (party may appeal judgment in eviction case by filing bond, making cash deposit, or filing sworn statement of inability to pay with justice court within five days after judgment is signed), (c)(1) (appellant who cannot furnish bond or pay cash deposit may file sworn statement of inability to pay that meets requirements of Rule 502.3(b)). The affidavit must contain certain specified information, including the tenant's identity; the nature and amount of the tenant's employment, governmental entitlement, and other income; the income of the tenant's spouse, if any; other available cash, funds, and property; debts and monthly expenses, and the number of the tenant's dependants. *See* Tex. Prop. Code § 24.0052(a); Tex. R. Civ. P. 502.3(b), 510.9(c)(1). Rule 510.9 further provides that "[a]n appeal is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with the rule." Tex. R. Civ. P. 510.9(f). Moreover, under

5

section 24.0052, if the justice court approves the pauper's affidavit of a tenant, the tenant is not required to pay the county court filing fee or file an additional affidavit in the county court. *See* Tex. Prop. Code § 24.0052(e).

Here, the record reflects that Meredith timely filed with the justice court a sworn statement of inability to pay on a form provided by the justice court. *See id.* § 24.0052(c) (justice court may make available affidavit form that person may use to comply with requirements for pauper's affidavit). The affidavit contained the required financial information and otherwise complied with the requirements of the Property Code and the rules of civil procedure, *see id.* § 24.0052(a); Tex. R. Civ. P. 502.3(b), 510.9(c)(1), and Meredith's appeal was perfected upon her filing the affidavit, *see* Tex. R. Civ. P. 510.9(f). THA did not contest the statement of inability to pay, *see* Tex. R. Civ. P. 502.3(d), 510.9(c)(2), and the justice court forwarded the file to the county court, indicating its approval of the compliant affidavit. Therefore, under section 24.0052, Meredith was not required to pay the county court filing fee or file an additional affidavit in the county court. *See* Tex. Prop. Code § 24.0052(e); *see also Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008) ("'Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal.'") (quoting *Jones v. Stayman*, 747 S.W.2d 369, 370 (Tex. 1987)). Based on the record before us, we conclude that the county court misapplied the law to the facts of this case and therefore clearly abused its discretion in refusing to accept Meredith's sworn and uncontested affidavit of inability to pay that was timely filed with the justice court and complied with applicable provisions of the Property Code and the rules of civil procedure; in requiring her to pay costs on appeal in the county court; and in remanding the case upon her failure

6

to pay costs. *See In re Texas Dep't of Family & Protective Servs.*, 210 S.W.3d at 612; *In re Thompson*, 330 S.W.3d at 417.

**CONCLUSION**

We conditionally grant Meredith's petition for writ of mandamus and direct the county court to vacate its handwritten order of December 5, 2014, denying Meredith's request to proceed with her appeal without paying costs in county court, its order of January 6, 2015, denying her motion for reconsideration, and its undated handwritten order denying her request for a hearing on her motion for reconsideration. We further direct the county court to reinstate Meredith's appeal and allow her to proceed without paying costs. Writ will issue only if the county court fails to comply within ten days of the date of this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed: May 1, 2015

7